ERNEST SEMENTO, AN INFANT BY LOUIS SEMENTO, HIS NEXT FRIEND, AND LOUIS SEMENTO, INDIVIDUALLY, PLAINTIFFS, v. JOSEPH RECCA, LUCIANNO BENEDETTO AND PUBLIC SERVICE RAILWAY COMPANY, DEFENDANTS.

Submitted March 13, 1925—Decided October 15, 1925—Filed November 20, 1925.

**Negligence—Injury to Passenger of Motor Bus in Collision With Trolley Car—Damages Awarded Excessive, But Rule to Show Cause Made Absolute Because Evidence Was Allowed Which Showed Unfitness of Motorman When There Was No Allegation of Such Unfitness in Complaint and Nothing on Direct Examination Which Warranted the Questions on Cross-examination.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *Isadore Rabinowitz* and *Ward & McGinnis* (*Peter J. McGinnis,* of counsel).

For the defendants, *Leonard J. Tynan.*

PER CURIAM.

This case is before us on a defendants' rule to show cause. The plaintiff Ernest Semento was awarded a verdict for personal injuries against Joseph Recca, the owner of a bus in which he was a passenger at the time of receiving the injuries; Luciano Benedetto, the driver of the bus, and the Public Service Railway Company. The bus was proceeding in a southerly direction on Revere street, in the city of Paterson. A trolley track is located in the centre of this street. Upon this track the Public Service Railway Company was operating a trolley car in a northerly direction. An automobile was parked on the westerly side of the street. The bus, in order to pass the parked automobile, turned into the railway track. A collision occurred between the bus and the trolley car, Semento was thrown from his seat in the bus against another seat. He scraped his shin bone. This bone and his leg had been in bad condition prior to the accident. It had been operated on. The plaintiffs' contention was that the shin bone had been healed of the prior injury and that the accident caused a new wound from which infection started.

A great deal of medical testimony was offered. The leg, apparently, was a running sore at the time of the trial. It undoubtedly presented a bad appearance. The jury was afforded an opportunity to see it. The accident occurred on November 4th, 1923. The trial took place about a year after the accident. The plaintiff was then eighteen years of age. The jury returned in favor of the boy a verdict for $20,000. The jury also awarded to the boy's father, for consequential

damages, $5,000. We consider these verdicts excessive, but consider it unnecessary to consider this question, for the reason that we feel there was testimony admitted at the trial which should not have been admitted, which makes a new trial necessary.

The trial court permitted James Hopper, the motorman of the trolley car, to be cross-examined over objection regarding a suit which he had instituted against a company known as the Vreeland Chemical Company. The cross-examination was for the purpose of showing that Holland was an ill man and unfit at the time of the accident to operate a trolley car. There was no allegation in the complaint as to the unfitness of Holland to operate the trolley car which he was operating at the time of the accident. This testimony was distinctly prejudicial. It must have had considerable weight with the jury upon the question of the negligence of the defendant Public Service Railway Company. It was improper to have admitted this testimony in view of the lack of any allegation in the complaint to the effect that Holland was an unfit person to operate a trolley car. There was nothing on direct examination which warranted the asking of the questions upon cross-examination. The following is an example of the questions asked: "Did you ever, because of your dizzy condition, forget to do anything in the operation of your car." This did not apply to the car Holland was operating at the time. The principal questions were objected to and the objections overruled and exceptions taken. The rule to show cause is, for this reason, made absolute.